UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashkan RAJAEE,<br><br>                      Plaintiff,<br><br>v.<br><br>Rebecca CALLAHAN,<br><br>                      Defendant. | Case No.:  25-cv-1164-AGS-SBC<br><br>**ORDER GRANTING MOTION TO DISMISS (ECF 6)** |

Displeased with an arbitrator's ruling against him, the self-represented plaintiff here brought a civil-rights suit under 42 U.S.C. § 1983. The arbitrator now moves to dismiss.

## BACKGROUND

Plaintiff Ashkan Rajaee and "non-party Tyler Davis" entered a joint "operating agreement of TopDevz, LLC" (ECF 1, at 3), which provides that arbitration is "the exclusive dispute resolution process" between the members (ECF 1-2, at 31). Rajaee commenced arbitration against Davis, and defendant Rebecca Callahan was appointed as the arbitrator. (*See id.* at 2–4.) After extensive arbitration, and "over Rajaee's objections to jurisdiction, Callahan . . . decree[d] dissolution of TopDevz under [California Corporations Code] § 17707.03." (*Id.* at 8.) Rajaee moved to vacate the decision, but the state court denied the motion and "confirm[ed] Callahan's final arbitration determination." (*Id.* at 14; *see also* ECF 1-5; ECF 1-6.)

Rajaee then sued Callahan here, alleging a single claim: that Callahan's arbitral award "deliberately and willfully deprived [Rajaee of] his property and liberty interests in TopDevz" without "due process." (ECF 1, at 2, 9, 14, 17.)

## DISCUSSION

Callahan moves to dismiss on multiple grounds, but this Court need only address one: the "under color of state law" requirement. A "§ 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.

1

2003). "[P]rivate parties" like defendant Callahan "are not generally acting under color of state law." *See Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Courts analyzing the "under color of state law" element in the context of arbitrators have come to the same conclusion: "The arbitration involved here was private, not state, action; it was conducted pursuant to contract by a private arbitrator." *Federal Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 n.9 (9th Cir. 1987). The "[p]rivate actions of an arbitrator are not undertaken under color of state law [even though] the arbitration has been conducted pursuant to a state statute or the arbitrator's award is enforced by a state court." *McDaniels v. City of Philadelphia,* 56 F. Supp. 2d 578, 580 (E.D. Pa. 1999); *see also Narula v. Orange Cnty. Super. Ct.*, No. 8:19-cv-00133-DSF-JC, 2020 WL 5289926, at *14 (C.D. Cal. Mar. 2, 2020) (collecting cases and holding arbitrators' "private conduct cannot form the basis for a viable Section 1983 claim"), *report and recommendation adopted*, No. 8:19-cv-00133-DSF-JC, 2020 WL 5289856 (C.D. Cal. Apr. 1, 2020).

Because Callahan was not acting under color of state law, this civil-rights suit is meritless and must be dismissed.[1]

## CONCLUSION

The motion to dismiss is **GRANTED**. Rajaee's single-claim complaint is dismissed without leave to amend. *See Travis v. Couture*, 385 F. App'x 615, 615 (9th Cir. 2010) (ruling that "the district court acted within its discretion by dismissing [the] complaint without leave to amend" when the plaintiff "failed to explain how the defendants acted under color of state law or conspired to deprive him of his civil rights"); *Narula v. Orange Cnty. Sup. Ct.*, No. 21-55974, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (affirming

---

[1] In addition, since plaintiff's claim arises directly from an arbitrator's decisional acts, it is foreclosed by arbitrator immunity. *See Narula v. Orange Cnty. Sup. Ct.*, No. 21-55974, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (affirming dismissal against arbitrator as "barred by arbitral immunity").

"[d]ismissal with prejudice" of § 1983 claims against an arbitrator as "futile" because the arbitrator "was not acting under color of state law"). The requests for judicial notice (ECF 6-1; ECF 7-1) are "den[ied] as irrelevant." *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.4 (9th Cir. 2008). The Clerk is directed to close this case and issue a judgment.

Dated:  March 15, 2026

_____
Andrew G. Schopler
United States District Judge

25-cv-1164-AGS-SBC