UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashkan RAJAEE, Plaintiff, v. Rebecca CALLAHAN, Defendants. | Case No.: 25-cv-1164-AGS-SBC **ORDER DENYING MOTION FOR RECONSIDERATION (ECF 17)** |

Self-represented plaintiff Ashkan Rajaee seeks reconsideration of this Court's prior order dismissing his 42 U.S.C.§ 1983 claim against defendant Rebecca Callahan.

**DISCUSSION**

A motion to reconsider is appropriate only when a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). To that end, a "party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

The basis of plaintiff's reconsideration motion is clear error. (*See* ECF 17, at 7.) "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *United States v. Hollis*, 506 F.3d 415, 421 (5th Cir. 2007).

**A. State-Court Judgment**

The crux of plaintiff's motion is that he believes this Court committed clear error by "collapsing the complaint into an ordinary private arbitration case" (ECF 17, at 7) and failing to "engage" his "theory" of the case (*id.* at 2). That "theory" is that the "August 15, 2023[] judgment was the operative state act depriving [him] of his property and liberty interests." (*Id.* at 9). But this Court did address that argument, emphasizing that subsequent

state-court confirmation of an arbitration award does not retroactively convert private arbitration into state action. (*See* ECF 15, at 2 ("The private actions of an arbitrator are not undertaken under color of state law even when . . . the arbitrator's award is enforced by a state court." (cleaned up)); *see also Roberts v. AT&T Mobility LLC,* 877 F.3d 833, 845 n.1 (9th Cir. 2017) ("[J]udicially enforcing arbitration agreements does not constitute state action."). That is not clear error.

**B. State-Law Claims**

Rajaee also alleges that this Court "committed clear error by failing to address the California jurisdictional framework," specifically the California statutory dissolution and buyout framework. (ECF 17, at 10, 11.) In his view, Callahan misused a "court-reserved dissolution and buyout regime" under California Corporations Code §§ 17707.03 and 17701.10(c)(7). (ECF 17, at 9). But these claims are not properly before this Court. Because plaintiff cannot demonstrate defendant acted "under color of state law," he has not shown federal jurisdiction. "Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law." *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). "In the absence of a cognizable federal claim, and because violations of state law are not cognizable under Section 1983, this court cannot exercise supplement jurisdiction over plaintiff's [] state law claims." *Abdul Wahab Khan v. California Corr. Health Care Servs.*, No. 2:16-cv-1479-JAM-ACP, 2016 WL 4899232, at *2 (E.D. Cal. Sept. 15, 2016).

To the extent plaintiff is arguing that Callahan's use of §§ 17707.03 and 17701.10(c)(7) constituted state action, that claim would fail for the reasons discussed above and in the Court's order on the motion to dismiss. (*See* ECF 15, at 2); *see also McDaniels v. City of Philadelphia*, 56 F. Supp. 2d 578, 580 (E.D. Pa. 1999) (the "[p]rivate actions of an arbitrator are not undertaken under color of state law [even though] the arbitration has been conducted pursuant to a state statute or the arbitrator's award is enforced by a state court.").

**C. Arbitral Immunity**

Plaintiff also asserts that "the footnote on arbitral immunity does not independently sustain the judgment." (ECF 17, at 15.) But it need not sustain the judgment—the Court did not err in its § 1983 holding. And, again, even if Rajaee could establish that Callahan acted under color of state law, arbitral immunity provides an independent ground for dismissal. *See Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987) ("[A]rbitrators are immune from civil liability for acts . . . arising out of their arbitral functions in contractually agreed upon arbitration hearings.").

**D. Leave to Amend**

Finally, Rajaee alleges "the denial of leave to amend was a clear error." (ECF 17, at 16.) Although it should be "freely given," "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court may deny leave to amend when "amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Id.*

Rajaee proposes myriad amendments (*see* ECF 17, at 16), but none would could cure his complaint's central defect: his § 1983 claim is barred as a matter of law, and this Court will not exercise jurisdiction over his state-law claims. These amendments would be futile, and "futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (2004).

**CONCLUSION**

Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to" the Court's ruling. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). Plaintiff's reconsideration motion violates this principle and is **DENIED**.

Dated: November 16, 2026

Hon. Andrew G. Schopler
United States District Judge